IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNY LEON, JR.,

      Petitioner,                      No. CIV S-06-1855 FCD CHS P

     vs.

RICHARD KIRKLAND, et al.,

      Respondents.            <u>ORDER GRANTING PETITION</u>

_____/

        Petitioner, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although the petition was filed pro se, petitioner is currently represented by counsel. At issue is his 2004 conviction for voluntary manslaughter with personal use of a firearm, case CFR03243 in the Sacramento County Superior Court. Among other claims, petitioner contended in the petition that imposition of the upper term at sentencing violated his constitutional rights as set forth and applied by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *Blakely v. Washington*, 542 U.S. 296, 303 (2004), and *Cunningham v. California*, 549 U.S. 270, 288 (2007). On February 9, 2009, petitioner's application for writ of habeas corpus was denied and judgment entered in this case.

        Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Ninth Circuit. On appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded

the case, with instructions to grant the writ on the aforementioned sentencing issue. The Ninth Circuit disagreed with this court's conclusion that the trial court's sentencing error was harmless beyond a reasonable doubt. In particular, the Ninth Circuit found "grave doubt" that a jury in petitioner's criminal case would have found, beyond a reasonable doubt, that the victim was particularly vulnerable, a factor relied upon by the state court to support selection of the upper term at petitioner's sentencing. The Ninth Circuit's judgment was entered November 17, 2010, and took effect on December 9, 2010.

Accordingly, this petition must be granted on the sentencing issue. IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is hereby granted as to petitioner's claim that the trial court made a sentencing error of constitutional magnitude when it imposed the upper term for voluntary manslaughter; and

2. Respondent is ordered to release petitioner from custody, unless, within 60 days, the State of California elects to retry or to resentence petitioner.

DATED: December 13, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

2